## DAVIS, DIRECTOR GENERAL OF RAILROADS, AGENT, *v.* ZIRKLE.

[No. 11,606.   Filed March 7, 1923.   Rehearing denied June 6, 1923.   Transfer denied·October 12, 1923.]

1.   EVIDENCE.— *Judicial Notice.— Appointment of President's Agents.—Director General of Railroads.—Acts of Congress.*— Courts take judicial notice that railroads were being operated by the government through a director general, and that appellant was the agent appointed by the President, pursuant to §206 of the Transportation Act (41 Stat. at L. 461) to represent the federal government in proceedings based upon claims arising out of the operation of railroads under the Federal Control Act (§3115¾a *et seq.* U. S. Comp. Stat. Supp. 1919, 40· Stat. at L. 451).   p. 397.

2.   RAILROADS.—*Shipping Contracts.—Federal Control.—Agency. —Liability.*—A shipping contract made in the name of a railroad company under federal control, was a contract of the director general of railroads, and the employes receiving the shipment and executing the contract were agents of the director general.   p. 397.

3.   PARTIES.—*Defect in Parties.—Substitution of Agent without Objection.— Pleadings.*— Where the director general was in court when his name as "Agent," was substituted, by order of the court, as sole defendant in an action against a railroad and his predecessor as director general, but made no objections to the order, nor filed, or offered to file, any pleadings or amendments thereto, but went to, trial as the pleadings stood, *held* the answers on file became appellant's without the actual amendment or refiling of the pleadings.   p. 398.

From Grant Circuit Court; *J. F. Charles,.* Judge.

Action by Rolla Zirkle against James C. Davis, Director General of Railroads, Agent.   From a judgment for plaintiff, the defendant appeals.   *Affirmed.*

*G. E. Ross,* for appellant.

*S. L. Stricler, Allen G. Messick* and *Walter G. Todd,* for appellee.

REMY, J.—Action for damages for loss of part of an interstate shipment of hogs. The shipment was made October 15, 1919, under a shipping contract signed only by appellee and the Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Company. On August 28, 1920, appellee commenced this action, naming as defendants the railroad company and "Walter" Hines, Director General of Railroads of the United States. The complaint charged negligence in the transportation of the hogs, by reason of which a large number of them died. On November 1, 1920, one G. E. Ross, styling himself as "attorney for defendant," filed a plea in abatement setting forth that "Walter" Hines was not, and had not been, Director General of Railroads. The record shows that thereafter the plea in abatement was withdrawn, and that on May 31, 1921, an answer in bar was filed by "defendant;" and on October 3, 1921, the name of "James C. Davis, Director General of Railroads, Agent," appellant herein, was substituted as the sole defendant; and the cause, being at issue, was submitted to the court and to a jury for trial, which resulted in a verdict and judgment for appellee. It also appears from the record that on the trial appellee, without objection of appellant, introduced in evidence the shipping contract, together with certain evidence tending to prove negligence on the part of those in charge of the train, as to the care of the hogs while in transit. No evidence was submitted as to federal control of the railroad at the time of the shipment. Appellant submitted no testimony whatever.

The chief contention of appellant is that the record in no way shows him to have been connected with the transaction in controversy, and that, therefore, 1, 2. the verdict of the jury is not sustained by sufficient evidence, and is contrary to law. In making this contention appellant points out that the

shipping contract which was made a part of the complaint, and which was the contract introduced in evidence, was signed only by appellee and the Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Company, and that from the evidence adduced at the trial, appellant is not shown to have had anything whatever to do with the contract of shipment.

It was not necessary to submit evidence at the trial to show that the railroad, at the time the hogs were shipped, was being operated by the government through a director general, nor that James C. Davis was at the time of the trial, the agent appointed by the President of the United States, pursuant to §206a of the Transportation Act of 1920 (41 Stat. at L. 461, Fed. Stat. Ann. Supp. 1920 p. 77), to represent the federal government in proceedings in court based upon claims arising out of the operation of the railroads by the director general, under the Federal Control Act of March 21, 1918 (§3115¾a *et seq.* U. S. Comp. St. Ann. Supp. 1919, 40 Stat. at L. 451). Of such facts courts take judicial notice. *Ross, Rec.,* v. *Lambert* (1922), 79 Ind. App. 30, 137 N. E. 185. The railroads being under federal control at the time the shipment was made, the employes who received the shipment and executed the shipping contract were agents of the Director General of Railroads, and the contract, though made in the name of the railroad, was in fact the contract of the director general.

When by order of court the name of James C. Davis, Director General, Agent, was substituted as the defendant, appellant, who was in court, made no objection to the court's order; nor did he file, or offer to file, any pleadings or amendments to pleadings; but, with the pleadings as they stood, went to trial. Under such circumstances, the substituted defendant became the defendant against whom the alle-

gations of the complaint were directed, and the answers on file became appellant's answers, without the actual amendment and refiling of the pleadings. *Bell* v. *Corbin* (1894), 136 Ind. 269, 282, 36 N. E. 23. See, also, *Finch* v. *McClellan* (1921), 77 Ind. App. 533, 130 N. E. 13. At the time appellant was substituted as the party defendant, and throughout the trial appellant was represented by able counsel, in fact by the same attorney who had represented the defense continuously from the time the action was commenced.

The instructions to the jury, when taken as a whole, fairly state the law of the case.

The verdict is sustained by sufficient evidence.

Affirmed.